## J. N. GOOLSBY *v.* STATE.

[54 South. 155.]

CODE 1906, SECTION 1146. *Enticing servants.*

Where a party knowingly employs a laborer who had contracted to
work for another for four months consisting of twenty-six dry
days each, and four months had elapsed at the time of such em-
ployment, he did not violate Code 1906, § 1146, providing that, if
any person shall knowingly employ a laborer who has contracted
with another for a specified time, to leave his employer before the
expiration of his contract, without the employer's consent, he shall
on conviction be punished, because the laborer's original contract
was either for four months which had expired or for an indefinite
time, which was not within the statute.

APPEAL from the circuit court of Lee county.

HON. JNO. H. MITCHELL, Judge.

J. N. Goolsby was convicted of enticing prosecutor's
servant and appeals.

The facts are fully stated in the opinion of the court.

*C. P. Long,* for appellant.

Section 1146 being highly penal and being a statute
about the constitutionality of which there is considerable
doubt, and one which smacks very much of imprisonment
for debt, or an approach to a modified form of slavery.
Our court has been very zealous in confining it to cases
which come clearly within its terms. This contract that
Jumper had with this negro, as to the length of time it
should run, depended upon the number of clear days and
on the condition of the weather, and also upon the fur-
ther condition that the negro would be able to work when
clear days came around. As shown by the testimony, he
had been in Jumper's service for four months and eight
days, and still lacked twenty-two working days of ful-

filling his contract at the time he was hired by appellant, or in other words, there was absolutely no certainty as to when the negro's contract with Jumper would expire.

The term "specified time," means the result of a specific fixing by the party at the time, and means, make definite, limited, certain, or precise.

In the examination of the definition of the words "definite," "limited," "specific," "certain," or "precise," it will be found that they are practically the same. See definition of "specify" in volume 26, 2nd Ed. of Am. and Eng. Enc. of Law, page 136.

Also definition of "certain," and "certainty," same work, vol. 5, page 798, in which it is said that "certain" means free from doubt.

It certainly cannot be said that under the contract Jumper had with this negro that there was any definite, fixed, certain, specific, or specified time, at which it was to end. Of course it was reasonable to presume that if the negro lived long enough, and Jumper lived long enough, that at some time in the future, the contract would end, but no one could say when this would be, except God, himself, until after the thing had happened. The hiring must be for a specified time; the ending of which can be known by some one else than a prophet at the end of the hiring. In other words, it must be definite, certain and fixed at its commencement. Of course after the happening of anything, or the completion thereof, there is nothing uncertain.

The contract was unconscionable to start with on the part of Jumper, for with the present prices of things, a man could hardly live at the wages fixed by him for this negro, were he allowed to put in every day, that he might live, and it was in the power of Jumper, under this kind of contract, to absolutely starve this negro to death, if there was sufficient bad weather intervened between the working days, and I do not imagine that the

courts go very far out of their way to protect landlords, who tie up the ignorant and unwary in such manner as the testimony shows Jumper had this negro fixed.

*James R. McDowell,* assistant attorney-general, for appellee.

The decision of this case hinges upon the construction of the word "specified time," as used in the third line of section 1146. Counsel seeks to give it a meaning which could never have entered the minds of the legislators. "Specified," or rather "specify," means according to Mr. Webster, "to designate in words so as to distinguish from other things." It is used as a relative term in contradistinction to the word "general." In other words, the legislature did not intend that it should be a crime to entice a servant who is hired to another generally or without any contract as to time. This would amount, as would be readily seen, to a prevention of a servant ever changing positions, if such servant were prevented from hiring to one person while in the employ of another. The intention was to prevent one person interfering with the contract of another, and to use the terms by the legislature must be construed to mean that which will carry out the legislative intent.

It is not necessary that the exact date of the termination of the contract be mentioned. One might contract with another to do so many hours' work in gross or contract to do a special job within a certain time. Counsel's reasoning that because the contract provides that a laborer shall perform a certain number of days' work, not allowing for bad weather, is too indefinite, for the reason that bad weather might continue the rest of the laborer's life, so that it might amount to slavery, since no one can say how many years or centuries it will take to put in one hundred and four days' work, is altogether unreasonable. It need not be definitely stated to the minute and day when the contract will expire. All that is necessary is that it be for a specified time, and one hundred

and two days is certainly a specified time; and until the one hundred and two days' work is performed in accordance with the contract, the contract is in force, and interference with the laborer is condemned by the statute. When the one hundred and two days' work is performed, the contract ends for the "specified time" has expired.

There can be no other meaning, and I submit the matter to the court with confidence.

SMITH, J., delivered the opinion of the court.

Appellant was convicted in the court below for a violation of section 1146 of the Code of 1906, which provides that: "If any person shall willfully interfere with, entice away, knowingly employ or induce a laborer or renter who has contracted with another person for a specified time to leave his employer or the leased premises, before the expiration of his contract without the consent of the employer or landlord, he shall, upon conviction, be fined not less than twenty-five dollars nor more than one hundred dollars. . . ."

The facts upon which appellant's conviction was based are as follows: On the 14th day of March, 1910, Mr. H. P. Jumper employed Arch Burney to work for him as a farm laborer. Burney entered immediately upon the execution of his contract, and worked for Jumper for four months and eight days, then quit and was employed by appellant, who knew at the time of the contract which Jumper claimed existed between him and Burney. On direct examination Jumper testified that his contract with Burney was to pay him fifteen dollars per month for twenty-six dry days, and that he (Burney) "was to work four months on that proposition or longer." In his cross-examination the following questions and answers appear: "Q. Now, if I understand you correctly, you had this negro hired, and was to pay him fifteen dollars for every twenty-six days of dry days that he worked? A. Yes, sir. Q. And he was to work

98 Miss.—45

for you enough dry weather to make four times twenty-six days? A. Yes, sir. Q. So the time he stayed with you depended absolutely on the number of dry days that he could get in? A. Yes, sir. Q. So it might have taken him four months to have finished his contract with you, and it might have taken him six months, or even eight months, to finish it, if there had been enough wet weather in that time? A. Yes, sir; it might.''

Under this testimony Burney's contract with Jumper was either to work for him four months or for an indefinite time. If the first the contract had been completed when he was employed by appellant; if the second, it does not come within the terms of section 1146, *supra.*

*Reversed and remanded.*